REQUESTED BY: Dear Senator Lewis:
In your letter of March 26, 1979, you called to our attention the adoption by the Nebraska Legislature of Legislative Resolution 30, generally calling upon the Ninety-fifth Congress of the United States of America to reject a proposed amendment to the United States Constitution, generally affording the District of Columbia status as a state.
Specifically, you ask whether or not it is within the legal and procedural bounds of the Nebraska Legislature to make such a request of Congress. It is our opinion that the Nebraska Legislature may do so but we question the timeliness of Legislative Resolution 30.
It appears to us from an examination of the language of the resolution that the Ninety-fifth Congress of the United States of America has already proposed such an amendment to the United States Constitution. If such is the case, then it simply remains to be determined whether or not the legislatures of three-fourths of the several states shall, within seven years of the date of the action of Congress, ratify this proposed amendment. If the amendment has already been proposed by Congress, we question the purpose of informing Congress of the Nebraska Legislature's opinion upon a resolution already adopted by that body.
It may be that it would be more appropriate for the Nebraska Legislature to consider this proposed amendment pursuant to Rule 4, Section 2 of the Rules of the Nebraska Legislature and either ratify the proposed amendment or not, depending upon the vote of the Legislature.
You also ask whether or not Legislative Resolution 30 should be handled according to the processes outlined in Rule 4, Section 2, of the Legislative Rules. As set forth above, it may be that it would be more appropriate for the Legislature to make known its opinion as to this matter by the form of either ratifying or not ratifying this measure under Rule 4, Section 2. However, as you are aware, ArticleIII, section 10 of the Constitution of the State of Nebraska, specifies that the Legislature shall create its own rules for proceeding and we are not prepared to say that the manner in which Legislative Resolution 30 has been adopted is beyond the limits of those rules, or that the Legislature's only course of action is to proceed under Rule 4, Section 2. We only point out as we did above that the United States congress appears to have already taken the action opposed by Legislative Resolution 30 and suggested it may be more appropriate to proceed under Rule 4, Section 2.
In conclusion, we are of the opinion that the Nebraska Legislature may, as a matter of law and within its rule of procedure, adopt such a resolution as Legislative Resolution 30 and may forward the same on to the parties designated. We also of the opinion that Rule 4, Section 2, is not controlling but rather might provide a more timely and appropriate means of expressing the opinion of the Nebraska Legislature on this matter.
If we can be of further assistance to you in this regard, please let us know.